IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:09-CR-117-1H
NO. 5:11-CV-124-H

HAROLD EARL BLONDEAU,  )
                       )
    Petitioner,        )
                       )
                       )
    v.                 )     ORDER
                       )
                       )
UNITED STATES OF AMERICA, )
                       )
    Respondent.        )

This matter is before the court on the government's motion to dismiss. Petitioner has responded, and this matter is ripe for adjudication.

### BACKGROUND

On June 10, 2009, petitioner pled guilty, pursuant to a memorandum of plea agreement, to a two-count criminal information. The information charged petitioner with one count of investment advisor fraud and one count of making and subscribing a false tax return. Among other things, the plea agreement provides that petitioner agrees "[t]o make restitution to any victim in whatever amount the court may order, pursuant to 18 U.S.C. §§ 3663 and 3663A. Said restitution shall be due

and payable immediately." (Plea Agreement at 1 [DE #8].) Petitioner also agreed in his plea agreement to "waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed [,] reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range[.]" Id. at 1-2. Petitioner further agreed to "waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea." Id. at 2.

Following petitioner's guilty plea, the Probation Officer prepared the initial draft of petitioner's presentence investigation report (PSR) and submitted it to petitioner's counsel on December 3, 2009. On January 25, 2010, petitioner's counsel sent a 23-page, single-spaced letter to the probation officer that objected to various aspects of the draft PSR. Petitioner's counsel objected to various things, including imposing any restitution to the Kyle Trusts, any restitution above $21,581 to Lois Capps, and any restitution above $74,674 to the Internal Revenue Service (IRS). In the amended PSR, the probation officer recommended that petitioner pay $658,120 in

2

restitution to four victims. (PSR ¶ 81.) The Amended PSR recommended imposing the maximum statutory sentences of imprisonment for the offenses to which petitioner pled guilty—60 months for Count One and 36 months for Count Two.

On August 3, 2010, petitioner's counsel filed a 39-page sentencing memorandum with the Court. (Memorandum [DE #31].) In that memorandum, petitioner specifically and thoroughly challenged various aspects of the PSR, including the guideline range, loss calculations and the amount of restitution. Petitioner's counsel challenged in detail loss amounts tied to a variety of transactions. Id. at 21-28. Petitioner's counsel asserted that one transaction "occurred outside the date range in Count One" of the criminal information. Id. at 22. Petitioner's counsel argued that petitioner owed $58,146 in restitution. Counsel also filed an addendum to the sentencing memorandum on August 5, 2010. (Memorandum [DE #34].)

The court conducted a sentencing hearing on August 10, 2010, hearing extensive arguments from petitioner's counsel as well as counsel for the government. The court sustained some of petitioner's objections and overruled others. Ultimately, petitioner was sentenced to 36 months of imprisonment, two years of supervised release, and a $200 special assessment. The court also ordered petitioner to pay $452,694 in restitution.

Petitioner filed this § 2255 motion on March 19, 2011, raising 12 grounds for relief, all of which allege that petitioner's attorneys provided constitutionally deficient representation. All 12 claims involve petitioner's displeasure with the restitution order entered by the court.

## COURT'S DISCUSSION

In order to prove ineffective assistance of counsel, petitioner must satisfy the dual standards of Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, petitioner first must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-91. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689. "Judicial scrutiny of counsel's performance 'must be highly deferential and a reviewing court must avoid the biases of hindsight." Sharpe v. Bell, 593 F.3d 372, 382 (4th Cir. 2010) (quoting Strickland, 466 U.S. at 687.). Second, petitioner "must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

4

Petitioner has not shown that his counsel's performance fell below the standard of reasonableness. In fact, the record reflects that petitioner's counsel not only raised many objections (including objections similar to the ones petitioner argues they should have raised), but also successfully argued for both a lower sentence than the one recommended by the guidelines and lower restitution than was recommended in the PSR. Therefore, petitioner has not shown counsel's performance was deficient. Since all of petitioner's claims relate to counsel's effectiveness in regard to the restitution ultimately ordered by the court, his motion is denied for the reasons stated above.[1]

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss is GRANTED, and petitioner's § 2255 motion is DENIED. Finding no substantial issue for appeal concerning the denial of a

---

[1] Petitioner filed on July 7, 2011, an attempted supplement to his motion. The court has reviewed the motion and finds that his attempted Thirteenth Ground of ineffective assistance of counsel is denied for the same reasons already stated in relation to the other grounds. Therefore his motion to amend [DE #93] is DENIED as futile.

5

Case 5:09-cr-00117-H   Document 94   Filed 07/12/11   Page 5 of 6

constitutional right, a certificate of appealability is not issued. The clerk is directed to close this case.

This 12th day of July 2011.

_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26