UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CR-00117-H

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| HAROLD EARL BLONDEAU, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on Defendant's Objection to Garnishments [DE-68] and Superseding Objections to Garnishments by *pro se* Defendant [DE-79], which were referred to the undersigned for hearing and memorandum and recommendation by Senior District Judge Malcolm J. Howard [DE-92]. The government filed a response [DE-73], and Defendant filed, pro se, a document titled Evidentiary Hearing Memorandum of Issues that Must be Addressed [DE-99] and, through counsel, a Memorandum of Law Regarding Restitution and Garnishment of Assets [DE-120]. The Court held a hearing on October 18, 2011, to further develop the record, and the matter is now ripe for decision.

## STATEMENT OF THE CASE

On June 10, 2009, Defendant pled guilty, pursuant to a plea agreement, to one count of Investment Advisor Fraud (15 U.S.C. §§ 80b-6 and 80b-17) and two counts of Making and Subscribing a False Tax Return (26 U.S.C. § 7206(1)). On August 10, 2010, Defendant was sentenced and judgment was entered, which included an order of restitution in the amount of $452,694.00 and a $200.00 special assessment. No fine was imposed. Since entry of judgment, the

government has collected a total of $426,658.72 by garnishing Defendant's portion of the proceeds from the sale of his residence and from a small amount received via monthly payments from the Defendant through the Inmate Financial Responsibility Program. The total outstanding balanced of restitution owed by Defendant is $26,235.28.

On October 7, 2010, at the request of the government, the Clerk of Court issued the Instructions to Criminal Defendant, Clerk's Notice of Post-Judgment Execution, Right to Have Exemptions Designated, and a Request for Hearing. On November 4, 2010, the Court received a completed Claim for Exemptions Form from Defendant. On October 28, 2010, at the request of the government, the Clerk of Court issued writs of garnishment to TD Ameritrade and to Thaddeus J. Barringer, Jr. and Gwendolyn N. Barringer. On November 5, 2010, Gwendolyn N. Barringer filed an answer confirming custody of an Asset Purchase Agreement dated November 1, 2007 with $14,250.00 remaining to be paid to Defendant between November 30, 2010 and May 31, 2011. On November 10, 2010, TD Ameritrade filed an answer confirming custody of Account No. xxxXX82222, Rollover Individual Retirement Account (the "Ameritrade Account") in the name of Harold Earl Blondeau, which contained an approximate liquidation value of $208,856.82. On November 12, 2010, Thaddeus J. Barringer, Jr. filed an answer confirming he was a garnishee in this case and indicating he was not holding any nonexempt property of Defendant.

Defendant, through his counsel, filed an Objection to Garnishment. Defendant's counsel subsequently withdrew, and Defendant, pro se, filed Superseding Objections to Garnishment. Defendant was then appointed counsel, who filed a Memorandum of Law Regarding Restitution and Garnishment of Assets. Having carefully considered Defendant's arguments, the undersigned finds

them to be without merit and recommends that the objections to garnishment be overruled.

## DISCUSSION

At the hearing, the government stated that it was no longer pursuing the Asset Purchase Agreement funds held by Gwendolyn Barringer and that its intent was to collect the balance of the restitution from Defendant's Ameritrade Account. The government also stated that it did not contest the exemptions claimed by Defendant. Therefore, the sole issue before the Court is whether Defendant's Ameritrade Account is subject to garnishment to satisfy the restitution order.

In Defendant's first objection, filed by counsel, he contends that (1) the Ameritrade Account is exempt marital property because it represents earnings rolled over into an IRA while he was married; (2) that the Ameritrade Account is exempt from garnishment pursuant to North Carolina General Statute § 1C-1601 and the United States Employee Retirement Income Security Act ("ERISA"); and, alternatively, (3) that there is a 25% limitation on garnishment of the Ameritrade Account pursuant to 15 U.S.C. § 1673. Defendant further contends that his wife relies on funds from the Ameritrade Account for support and that garnishment of those funds would create a hardship for her. In Defendant's superceding objections, filed pro se, he additionally contends that the garnishments contravene the payment schedule established in the Court's Judgment. Finally, in the Memorandum of Law, filed by Defendant's newly appointed counsel, he contends that the Court lacked the statutory authority to impose restitution in this case and that any garnishment pursuant to the restitution order is improper. The Court will analyze each argument in turn.

Defendant first argues that his wife has an exempt interest in the Ameritrade Account because it is marital property. Even assuming that Defendant's wife does have a one-half exempt interest in

3

the Ameritrade Account, the $26,235.28 balance of restitution the government seeks to collect is significantly less than one-half of the $208,856.82 in the account. Likewise, any hardship Defendant's wife may suffer due to the garnishment is ameliorated by the limited amount of funds remaining to be collected. Accordingly, the Court rejects this argument as a basis to disallow the garnishment.

Defendant next argues that North Carolina law and ERISA's anti-alienation provisions apply to exempt the Ameritrade Account. The sole exemptions available to a criminal debtor owing restitution are found in 18 U.S.C. § 3613(a), which provides as follows:

> The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law (including section 207 of the Social Security Act), a judgment imposing a fine may be enforced against all property or rights to property of the person fined, except that—
>
> (1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law;
>
> (2) section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law; and
>
> (3) the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment under Federal law or State law.

18 U.S.C. § 3613(a). The plain language of subpart (2) excludes the exemptions provided for under the Fair Debt Collection Procedures Action Act and is not at issue in this case. The available exemptions pursuant to subpart (1) are found in 26 U.S.C. § 6334 and include (1) Wearing apparel and school books; (2) Fuel, provisions, furniture, and personal effects; (3) Books and tools of a trade, business, or profession; (4) Unemployment benefits; (5) Undelivered mail; (6) Certain railroad and

military annuity and pension payments; (7) Workmen's compensation; (8) Judgments for support of minor children; (9) Certain service-connected disability payments; and (10) Assistance under the Job Training Partnership Act. The government did not object to Defendant's exemptions claimed for wearing apparel and school books; fuel, provisions, furniture, and personal effects; and books and tools of a trade, business, or profession. Despite the fact that there is no provision in 18 U.S.C. § 3613(a) to exempt a retirement account of the type at issue here, Defendant urges the Court to apply North Carolina law and ERISA's anti-alienation provisions to exempt the Ameritrade Account. The Court declines to so extend the express exemptions provided for in 18 U.S.C. § 3613(a).

State law exemptions are not available to a criminal defendant owing restitution. *See United States v. Furkin*, 165 F.3d 33, 1998 WL 846873, at *4 (7th Cir. 1998) (holding that State law exemptions do not limit the government's power to enforce compliance with a restitution order). Defendant fares no better under ERISA. *See United States v. Lazorwitz*, 411 F. Supp. 2d 634, 637 (Fox, J.) (E.D.N.C. 2005) (concluding that defendant's ERISA qualified pension plan "did not fit within any of the exceptions listed in § 3613(a)" and that "ERISA is not a bar to garnishment"); *United States v. O'Rourke*, No. 2:10–cr–00235, 2011 WL 3035394, at *2 (D. N.J. July 25, 2011) (concluding that "there is no basis to exempt Defendant's IRA account from garnishment"); *United States v. James*, 312 F. Supp. 2d 802, 805 (E.D. Va. 2004) (concluding that "ERISA is no bar" to garnishment of defendant's retirement accounts to collect a criminal restitution order). Defendant's exemptions are limited to those found in 18 U.S.C. § 3613(a), and Defendant's retirement account does not qualify for any of the enumerated exemptions.

Defendant alternatively argues that to the extent the Ameritrade Account funds are not

exempt, they are subject to the 25% limit on garnishment of disposable earnings under 18 U.S.C. § 3613(a)(3), which makes section 303 of the Consumer Credit Protection Act (15 U.S.C. § 1673) applicable to the enforcement of judgments under Federal law. Although Defendant cited no authority, the Court has found one case that arguably supports his position. *See United States v. DeCay*, 620 F.3d 534, 543-44 (5th Cir. 2010) (holding that a garnishment to satisfy a criminal restitution order was limited to 25% of defendant's monthly pension benefits). However, the *De Cay* court recognized that it was in the minority in so ruling: "Several district courts have concluded that 'once passed to a retirement account or annuity in the hands of the employee, the funds in the account or annuity are not 'earnings' under the CCPA, and thus not subject to the 25% cap, even if they are distributed in periodic payments - in other words, the distributions from the fund to the defendant are not 'disposable earnings' under § 303.'" *Id.* (citing *United States v. Belan*, No. 2:07-x-50979, 2008 WL 2444496, at *3 (E.D. Mich. June 13, 2008); *United States v. Crawford*, F-04-0200, 2006 WL 2458710, at *2-3 (E.D. Cal. Aug. 22, 2006); *United States v. Laws*, 352 F. Supp. 2d 707, 713-14 (E.D. Va. 2004)). Additionally, this Court has previously noted, although without discussion, that 15 U.S.C. § 1673 is not applicable in a case where the government sought to garnish a pension plan. *Lazorwitz*, 411 F. Supp. 2d at 637 n.2. Finally, the Supreme Court has explained that "earnings" under § 303 are "limited to periodic payments of compensation and do not pertain to every asset that is traceable in some way to such compensation." *Kokaszka v. Belford*, 417 U.S. 642, 651 (1974). It appears that, in accordance with the weight of the case law, the 25% limit on garnishment of disposable earnings found section 303 of the Consumer Credit Protection Act (15 U.S.C. § 1673) would not apply to the garnishment of Defendant's Ameritrade Account.

Defendant also contends that garnishment of the Ameritrade Account violates the payment plan set forth in the Court's Judgment. Defendant reads the judgment too narrowly and ignores its express language making the restitution award "due and payable in full immediately." Aug. 10, 2010 Judgment [DE-41]. The fact that the Court allowed any remaining balance owed to be paid over time through the Inmate Financial Responsibility Program and, post-release, through installments of $200.00 per month, does not preclude the government from immediately collecting restitution from non-exempt assets. *See James*, 312 F. Supp. 2d at 804-06 (holding that installment plan does not restrict the government from garnishing non-exempt assets where the debt "is due and payable immediately").

Finally, Defendant contends that the Court lacked the statutory authority to impose restitution in this case and that any garnishment pursuant to the restitution order is, therefore, improper. Defendant is essentially making a collateral attack on the restitution order. An objection to garnishment proceeding is not the proper vehicle to attack the Court's Judgment and order of restitution. *See United States v. Whitt*, No. 11-50395, 2011 WL 4062459, at *1 (E.D. Mich. Sept. 13, 2011) ("An attack on a restitution recalculation or obligation by means of an objection to garnishment is an impermissible route to collaterally attack the judgment."); *see also United States v. Minneman*, 38 Fed. App'x 321, 323 (7th Cir. 2002) (concluding that "challenge [in post-judgment garnishment proceeding] to the validity of the underlying restitution order is precluded by res judicata."); *United States v. Rosin*, No. 8:05-cr-143-T-24MAP, 2010 WL 454933, at *8 (M.D. Fla. Feb. 9, 2010) ("It is simply not appropriate for Defendant to relitigate the issue of restitution in this post-judgment proceeding.") (citations omitted). Furthermore, "[a]n objection to garnishment may

7

only challenge 'exemptions to which [the defendant] might be entitled, and the government's compliance with the [Fair Debt Collection Practices Act.]'" *Whitt*, 2011 WL 4062459, at *1 (quoting *United States v. Pugh*, 75 F. App'x 546, 547 (8th Cir. 2003)). Lastly, it is worth noting, as Defendant did in his Memorandum of Law, that Defendant challenged the restitution award, albeit in connection with an ineffective assistance of counsel argument, in his § 2255 petition, and the Court subsequently denied relief and dismissed the petition [DE-94]. Accordingly, Defendant may not challenge the garnishment by a collateral attack on the validity of the restitution order.

## CONCLUSION

Having found no merit in Defendant's objections to garnishment, the undersigned recommends that the objections to garnishment [DE-68 & 79] be **OVERRULED**.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days after receiving it to file written objections. Failure to file timely written objections bars or may bar an aggrieved party from receiving a *de novo* review by the District Court on an issue covered in the Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

This the 1st day of November, 2011.

DAVID W. DANIEL
United States Magistrate Judge