```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF NORTH CAROLINA
                        WESTERN DIVISION
                      NO. 5:09-CR-117-1H
                      NO. 5:11-CV-124-H
```

| | |
|---|---|
| HAROLD EARL BLONDEAU,  )  | |
|     Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|     Respondent. ) | |

This matter is before the court on remand from the Fourth Circuit Court of Appeals. The Fourth Circuit vacated in part this court's order dismissing petitioner's § 2255 motion and remanded the matter with instructions to grant petitioner an evidentiary hearing on his claim that counsel failed to consult with him regarding his desire to file an appeal.

The court held an evidentiary hearing on Thursday, February 14, 2013. The petitioner testified on his own behalf. On behalf of the respondent, Joe Cheshire and Bradley Bannon, the two attorneys who represented petitioner at the plea negotiation and sentencing stages, testified.

At sentencing, this court informed petitioner of his right to appeal and the time limit in which he was required to do so. Additionally, Joe Cheshire and Bradley Bannon both testified as to their normal course of practice with clients and to the specific conversations they had with Mr. Blondeau. The court

finds the facts as follows. Mr. Cheshire and Mr. Bannon discussed in detail with Mr. Blondeau his waiver of his appeal rights prior to his entering a plea in this matter. Following the sentencing in this matter, there were two conversations involving petitioner and at least one of his attorneys. The first was inside the courtroom immediately following sentencing between Mr. Blondeau, Mr. Cheshire and Mr. Bannon. Mr. Cheshire testified that they had a very distinct conversation about the judge's instructions regarding Mr. Blondeau's appeal rights and what Mr. Blondeau's appeal rights were, but that Mr. Cheshire informed petitioner that in Mr. Cheshire's opinion, Mr. Blondeau did not have a good case for appeal. Additionally, there was a second, brief conversation between Mr. Cheshire and Mr. Blondeau on the courthouse steps in which Mr. Blondeau inquired as to what the next steps were and Mr. Cheshire indicated there wasn't really anything else to do right now.

Mr. Blondeau admits that he never asked either of his attorneys to file an appeal on his behalf. Mr. Blondeau also testified that he was not prompted to question the lack of an appeal until he received garnishment notices from the government in October 2010, well after his time to appeal had run.

Mr. Blondeau's counsel had a duty to consult him regarding his wishes to file an appeal. See Roe v. Flores-Ortega, 528

2

U.S. 470, 478-80 (2000); United States v. Cooper, 617 F.3d 307, 313 (4th Cir. 2010); United States v. Poindexter, 492 F.3d 263, 269 (4th Cir. 2007). Having heard the evidence and finding Mr. Cheshire and Mr. Bannon's testimony to be credible and reliable, the court finds that petitioner's attorneys did consult with him about his appellate preferences. The Fourth Circuit's opinion instructs that "the ultimate success of Blondeau's § 2255 motion depends on whether counsel actually did or did not consult with him about his appellate preferences." United States v. Blondeau, No. 1107576, slip op. at 3 (4th Cir. May 11, 2012) (per curiam). Therefore, having found that his attorneys did consult with him and that he never instructed them to file an appeal on his behalf, petitioner's claim fails.

Petitioner's § 2255 motion is therefore dismissed. The clerk is directed to close this case.

This 19th day of February 2013.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26

3